FILED
2006 Oct-10 PM 02:13
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED
2006 OCT 10 AM 9:46
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GREG BARKER AND DAWN DEASON, | ) ) ) ) |
| Plaintiffs, | ) ) CIVIL ACTION NO.: |
| Vs. | ) ) CV-06-BE-2026-E |
| NORFOLK SOUTHERN RAILWAY COMPANY, INC., | ) ) ) ) |
| Defendants | ) |

## NOTICE OF REMOVAL

Comes now the defendant in the above-styled cause, Norfolk Southern Railway Company ("Norfolk Southern") (erroneously named in plaintiffs' complaint as Norfolk Southern Railway Company, Inc.), and hereby gives notice of removal of this action to the United States District Court for the Northern District of Alabama, Eastern Division, pursuant to 28 U.S.C. § 1441 and § 1446. As grounds therefore, defendant shows the following:

1.  Norfolk Southern is the named defendant in a civil action commenced in the Circuit Court of Talladega County, Alabama, said case being Case No. CV 2006-553 WEH on the docket of said court. Norfolk Southern was served a summons and copy of plaintiffs' complaint on October 6, 2006. The time within which the defendant is required to file this Notice of Removal in order to remove this cause to this Court has not yet expired.

3.

necessarily raise disputed and substantial federal issues and this Court may entertain the issues without disturbing any congressionally approved balance of federal and state judicial responsibilities.

7. Removal jurisdiction also exists in this case pursuant to 28 U.S.C. §1442(a)(1) because the defendant was acting under color of federal authority when committing the acts that allegedly led to the plaintiffs' injuries.

_____
Crawford S. McGivaren, Jr.
ASB-8378-A54C

_____
Sydney F. Frazier
ASB-1049-R47S

Attorneys for the defendant,
Norfolk Southern Railway Company

OF COUNSEL:

CABANISS, JOHNSTON, GARDNER,
 DUMAS & O'NEAL LLP
Park Place Tower, Suite 700
2001 Park Place North
P. O. Box 830612
Birmingham, AL  35283-0612
(205) 716-5200

```
AVS0300                     ALABAMA JUDICIAL DATA CENTER
                                TALLADEGA      COUNTY
                                     SUMMONS
                                                      CV 2006 000553.00
                                                      WILLAM E HOLLINGSWOR
```

IN THE CIRCUIT COURT OF TALLADEGA COUNTY

GREG BAKER VS NORFOLK SOUTHERN RAILWAY COMPANY INC

SERVE ON: (D001)

PLAINTIFF`S ATTORNEY

```
NORFOLK SOUTHERN RAILWAY           BRYAN NAT
C/O CRAWFORD S MCGIVAREN,          800 SHADES CREEK PKWY
2001 PARK PL N STE 700             SUITE 600
BIRMINGHAM      ,AL  35203-0000    BIRMINGHAM      ,AL  35209-0000
```

TO THE ABOVE NAMED DEFENDANT:

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS, YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFFS ATTORNEY(S) SHOWN ABOVE OR ATTACHED:

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGEMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE COURT BELOW.

( )  TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY EITHER RULES 4.1(B)(2) OR 4.2(B)(2) OR 4.4(B)(2) OF THE ALABAMA RULES OF CIVIL PROCEDURE: YOU ARE HEREBY COMMANDED TO SERVE THIS SUMMONS AND A COPY OF THE COMPLAINT IN THIS ACTION UPON DEFENDANT.

(✓)  THIS SERVICE BY CERTIFIED MAIL OF THIS SUMMONS IS INITIATED UPON THE WRITTEN REQUEST OF ___Plaintiff___ PURSUANT TO RULE 4.1(C) OF THE ALABAMA RULES OF CIVIL PROCEDURE.

DATE: 10/05/2006                        CLERK: CLARENCE HAYNES       BY:____
                                        P. O. BOX 6137
                                        TALLADEGA   AL   35161
                                        (256)761-2102

RETURN ON SERVICE:

( )  CERTIFIED MAIL RETURN RECEIPT IN THIS OFFICE ON (DATE) _____
     (RETURN RECEIPT HERETO ATTACHED)

( )  I CERTIFY THAT I PERSONALLY DELIVERED A COPY OF THE SUMMONS AND
     COMPLAINT TO _____
     IN _____ COUNTY, ALABAMA ON (DATE) _____

_____          _____
DATE                                  SERVER SIGNATURE

_____          _____
SERVER ADDRESS                        TYPE OF PROCESS SERVER

OPERATOR: ALS
PREPARED: 10/05/2006

**Exhibit 1**

# IN THE CIRCUIT COURT OF TALLADEGA COUNTY, ALABAMA

## CIVIL ACTION NUMBER CV2006-553 EH

**GREG BAKER,** an individual;
**DAWN DEASON,** an individual;

        Plaintiffs,

vs.

**NORFOLK SOUTHERN RAILWAY COMPANY, INC.,** a corporation;
and
**No. 1**, whether singular or plural, the operators of the train whose negligence caused the accident which occurred on January 6, 2005, in Graniteville, South Carolina, causing and/or contributing to cause the closure of the Avondale Mills facilities which resulted in plaintiff's injuries and damages;

**No. 2**, whether singular or plural, the owner of the train which caused the accident which occurred on January 6, 2005, in Graniteville, South Carolina, causing and/or contributing to cause the closure of the Avondale Mills facilities which resulted in plaintiff's injuries and damages;

**No. 3**, whether singular or plural, that entity or those entities who or which afforded any insurance coverage to the operators or the owner of the train which caused the accident which occurred on January 6, 2005, in Graniteville, South Carolina, causing and/or contributing to cause the closure of the Avondale Mills facilities which resulted in plaintiff's injuries and damages;

**No. 4**, whether singular or plural, that entity or those entities who or which owned the train involved in the accident which occurred on January 6, 2005, in Graniteville, South Carolina, causing and/or contributing to cause the closure of the Avondale Mills facilities which resulted in plaintiff's injuries and damages;

**No. 5**, whether singular or plural, that entity or those entities who or which had control or responsibility of inspecting, maintaining and/or repairing the signals or the signal devices at the railroad where the accident occurred on January 6, 2005, in Graniteville, South Carolina;

**No. 6,** whether singular of plural, that governmental entity or entities which had a duty to implement and maintain signs and warnings devised at the site of the accident which occurred on January 6, 2005, in Graniteville, South Carolina;

**No. 7**, whether singular or plural, that entity or those entities who or which was operating the train at the time of the accident which occurred on January 6, 2005, in Graniteville, South Carolina;

**No. 8**, whether singular or plural, that entity or those entities who or which had the responsibility for maintaining the track or right-of-way, including vegetation, in the area where the accident occurred on January 6, 2005, in Graniteville, South Carolina;

**No. 9**, whether singular or plural, that entity or those entities who or which were the road foreman or other supervisory employee responsible for the maintenance of the track and right of way, including vegetation;

**No. 10**, whether singular or plural, that entity or those entities who or which did or failed to do any act that resulted in the train accident which occurred on January 6, 2005, in Graniteville, South Carolina, causing and/or contributing to cause the closure of the Avondale Mills facilities which resulted in plaintiff's injuries and damages;

**No. 11**, whether singular or plural, the owner of the railroad tracks at the site of the train accident which occurred on January 6, 2005, in Graniteville, South Carolina;

**No. 12**, whether singular or plural, that entity or those entities who or which negligently or wantonly failed to erect or have erected necessary barriers, devices, warnings, switches and safety mechanisms on the railroad tracks at the site of the train accident which occurred on January 6, 2005, in Graniteville, South Carolina;

Plaintiff avers that the identity of the fictitious party defendants are otherwise unknown to plaintiff at this time, or if their names are known to plaintiff at this time, their identity as proper party defendants is not known to plaintiff at this time but their true names will be substituted by amendment when aforesaid lacking knowledge is ascertained.

Defendants

# COMPLAINT

## PARTIES

1. Plaintiff **GREG BAKER**, is an individual over the age of 19 years who is and was at all times relevant hereto a resident of Talladega County, Alabama.

2. Plaintiff **DAWN DEASON**, is an individual over the age of 19 years who is and was at all times relevant hereto a resident of Talladega County, Alabama.

3. Defendant, **NORFOLK SOUTHERN RAILWAY COMPANY, INC.**, (hereinafter "Norfolk Southern") is a foreign corporation organized and existing under the laws of the state of Virginia.

## STATEMENT OF FACTS

4. On or about January 6, 2005, the plaintiffs were employed by Avondale Mills at the plant located in Sylacauga, Alabama.

5. On or about January 6, 2005, an accident occurred between two Norfolk Southern trains in Graniteville, South Carolina, on a railroad track adjacent to the Avondale Mills facility in Graniteville, South Carolina, which resulted in the release of highly toxic chlorine gas. The train wreck and gas leak caused extensive property damage to the Avondale Mills facility and caused and/or contributing to cause the shut down of Avondale Mills' production facilities.

6. The Avondale Mills facility in Graniteville, South Carolina was a feeder mill to the facility in Sylacauga, Alabama.

7. As a direct result of the destruction of the Avondale Mills facility in Graniteville, South Carolina, the Avondale Mills facility in Sylacauga, Alabama, has been forced to be closed.

8. As a direct result of the closure of the Avondale Mills facility in Sylacauga, Alabama, the plaintiffs have been caused to lose their jobs, and therefore, their source of income, and benefits associated with their employment with Avondale Mills.

## COUNT I

## NEGLIGENCE and RECKLESSNESS

9. Plaintiffs re-allege each and every averment of the foregoing paragraphs as if fully set out herein and further allege:

10. At all times relevant to this action, defendant **NORFOLK SOUTHERN** owned, operated, or controlled the above-referenced trains as well as the railway lines upon which they operated and the switching devices attendant to said rail lines in and around Graniteville, South Carolina.

11. At all times relevant to this action, defendant **NORFOLK SOUTHERN** employed individuals who were acting within the line and scope of their employment; therefore, **NORFOLK SOUTHERN** is vicariously liable for all acts and negligence and recklessness of their employees.

12. The defendant had a duty to conduct themselves and their operations in a safe manner, to operate and maintain track, switches and locomotives, and to train personnel and implement appropriate methods and devices so as to prevent collisions that would endanger the communities and businesses through which **NORFOLK SOUTHERN**'s trains pass and which **NORFOLK SOUTHERN** services.

13. The operation of track switches was within the scope of **NORFOLK SOUTHERN**'s employees' duties and responsibilities.

14. The collision and subsequent leak of toxic chlorine gas caused and/or contributed to cause the closure of the Avondale Mills facility in Graniteville, South Carolina, which in turn caused the closure of the Avondale Mills facility in Sylacauga, Alabama, and the resulting damages to the plaintiffs, **GREG BAKER** and **DAWN DEASON**, were proximately caused by the negligent and reckless acts of the defendant, **NORFOLK SOUTHERN**, including but not limited to:

   a. failing to realign the above-referenced rail switch in Graniteville so that Train 2 would not be diverted onto the side track from the main line;

   b. failing to incorporate adequate, reasonable, and necessary safety and warning devices into Train 2, the railway lines, and the manual switching device described above so that there would be an indication of an open rail switch;

   c. failing to operate the above-referenced trains, the railway lines, and the manual switching device described above in a reasonable and safe manner;

   d. failing to warn about the dangerous characteristics of their trains, railway lines, manual switching devices, and materials being transported;

   e. failing to exercise reasonable care to protect the real and personal property of Avondale Mills and other businesses and individuals located in the communities through which Defendants' trains pass;

    f.     failing to exercise reasonable care in the hiring, training, supervision, and retention of their employees in general;

    g.     failing to provide Defendant Norfolk Southern's employees and agents with the training, methods and knowledge as to reasonably safe and sufficient safety measures, devices, and warnings in the operation fo their trains, railway lines, and switching devices;

    h.     failing to conform to state law and other regulations governing train and railroad safety;

    I.     failing to conform to a reasonable standard of conduct under all of the circumstances;

    j.     failing to follow standard operating procedures and policies requiring defendant to provide timely notice to Avondale Mills of incoming deliveries;

    k     failing to follow standard operating procedures and policies requiring defendant Norfolk Southern to obtain Avondale Mills' permission before leaving train cars on Avondale Mills' property overnight and prohibiting defendant Norfolk Southern from parking train cars carrying materials for other customers on the side rail along Avondale Mills' property;

    l.     failing to develop or implement an adequate emergency preparedness plan and equipment to control or otherwise mitigate the release of toxic or hazardous materials carried or hauled by defendant Norfolk Southern's trains;

 m. failing to inspect and discover the misaligned position of the switch in time to correct it or to warn approaching trains traveling on the main line that the switch was improperly aligned;

 n. negligently failing to furnish the crew of the parked train with adequate training and instruction in the safe performance of their assigned tasks;

 o. negligently failing to furnish the crew of the parked train with reasonably competent supervision;

 p. negligently staffing the parked train with a crew that did not have reasonable rest and as a result thereof said crew was fatigued and distracted thereby causing them to fail to properly line the switch; and

 q. such other and further particulars as may be found during discovery.

15. Plaintiffs allege that the injuries and damages to plaintiff **GREG BAKER**, and plaintiff, **DAWN DEASON**, was caused as a proximate consequence of the described negligent and reckless conduct, and other wrongful conduct, of the defendants **NORFOLK SOUTHERN RAILWAY COMPANY, INC.,** and Fictitious Party Defendants 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, as described herein. Said negligent and reckless conduct was the proximate cause of **GREG BAKER and DAWN DEASON's** injuries and damages.

16. The aforesaid wrongful, negligent, and reckless conduct of each of the above described defendants, including the fictitious party defendants, combined and

concurred, and as a proximate consequence thereof, plaintiff **GREG BAKER** suffered injuries and damages, to-wit:

    a.    Plaintiff was caused to lose his place of employment;

    b.    Plaintiff was caused to lose his source of income;

    c.    Plaintiff has suffered substantial financial hardship;

    d.    Plaintiff's earning capacity has been greatly diminished;

    e.    Plaintiff was caused to lose health insurance benefits;

    f.    Plaintiff was caused to lose retirement benefits.

16.    The aforesaid wrongful, negligent, and reckless conduct of each of the above described defendants, including the fictitious party defendants, combined and concurred, and as a proximate consequence thereof, plaintiff **DAWN DEASON** suffered injuries and damages, to-wit:

    a.    Plaintiff was caused to lose her place of employment;

    b.    Plaintiff was caused to lose her source of income;

    c.    Plaintiff has suffered substantial financial hardship;

    d.    Plaintiff's earning capacity has been greatly diminished;

    e.    Plaintiff was caused to lose health insurance benefits;

    f.    Plaintiff was caused to lose retirement benefits.

**WHEREFORE, PREMISES CONSIDERED**, plaintiffs, **GREG BAKER and DAWN DEASON**, request that the jury selected to hear this case render a verdict for the Plaintiffs, and against the Defendant, **NORFOLK SOUTHERN RAILWAY COMPANY, INC.**, and the Fictitious Party Defendants named and described in the

caption and body hereof, jointly and severally, in an amount in excess of the minimum jurisdictional limits of this Court, and in a sum which represents both compensatory and punitive damages to Plaintiffs in an amount which will punish the wrongdoer for said acts and which will deter others from committing similar acts in the future.

_____
NAT BRYAN (BRY015)

_____
HENRY CORNELIUS (COR002)
Attorneys for the Plaintiffs

**OF COUNSEL:**

**MARSH, RICKARD & BRYAN, P.C.**
800 Shades Creek Parkway
Suite 600-D
Birmingham, Alabama  35209
(205) 879-1981
(205) 879-1986 (fax)

_____
BARRY D. VAUGHN (VAU001)

_____
J. BRADLEY PROCTOR (PRO016)
Attorneys for the Plaintiffs

**OF COUNSEL:**

**PROCTOR and VAUGHN**
201 North Norton Avenue
Post Office Box 2129
Sylacauga, Alabama  35150
(256) 249-8527
(205) 249-7123 (fax)

## JURY DEMAND

**PLAINTIFFS HEREBY DEMAND A STRUCK JURY FOR THE TRIAL OF THIS CAUSE.**

_____
Attorney for the Plaintiffs

9

**PLAINTIFFS' ADDRESS:**

**7050 ALABAMA HIGHWAY 21**
**SYLACAUGA, ALABAMA   35151**

**SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

**NORFOLK SOUTHERN RAILWAY COMPANY, INC.**
**C/O CRAWFORD S. MCGIVAREN, JR.**
**SUITE 700, 2001 PARK PLACE NORTH**
**BIRMINGHAM, AL   35203**