IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

AIKEN DIVISION

| | |
|---|---|
| Greg Baker and Dawn Deason, ) | |
| ) | C/A No. 1:07-0153-MBS |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| Norfolk Southern Railway Company ) | |
| and Nos. 1-12, ) | |
| Defendants. ) | |
| _____) | |

    Plaintiffs Greg Bake and Dawn Deason filed this action in the Circuit Court of Talladega County, Alabama. Defendant Norfolk Southern Railway Company removed the action on October 10, 2006, to the United States District Court for the Northern District of Alabama, Eastern Division. The case was transferred to this court on motion of Defendant pursuant to 28 U.S.C. § 1404(a). The matter is before the court on Defendant's motion to dismiss filed February 1, 2007 (Entry 14). Plaintiffs filed a response in opposition as well as a motion to hold case in abeyance on February 20, 2007 (Entry 18). Defendant filed a response in opposition to Plaintiff's motion to hold case in abeyance on February 21, 2007, as well as a reply in support of its motion to dismiss on March 2, 2007. The court declines to hold the case in abeyance.

    This cases arises out of a train derailment and chlorine gas leak that occurred in on or near the property of Avondale Mills in Graniteville, South Carolina on January 6, 2005. Subsequently, Avondale Mills closed its production facilities in Graniteville, allegedly as the result of damage caused by the chlorine gas.

Plaintiffs allege that the Avondale Mills facility in Graniteville was a feeder mill to an Avondale Mills facility in Sylacauga, Alabama, and that, as a result of the closure of the Graniteville operation, the Sylacauga plant also was forced to shut down. Plaintiffs were employed at the Sylacauga facility. Plaintiffs allege that, "[a]s a direct result of the closure of the Avondale Mills Facility in Sylacauga, Alabama, [they] have been caused to lose their jobs, and therefore, their source of income, and benefits associated with their employment with Avondale Mills." Complaint ¶ 8. Plaintiffs allege a cause of action for negligence and seek compensatory and punitive damages.

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) requires that the court accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Therefore, a motion to dismiss can be granted only if no relief could be obtained under the allegations of fact, if true. Southmark Prime Plus, L.P. v. Falzone, 776 F. Supp. 888, 891 (D. Del. 1991) (citing Turbe v. Virgin Islands, 938 F.2d 427, 428 (3d Cir. 1991)). However, the court is not required to adopt conclusory allegations or statements of law. Id. at 891.

Defendant contends that Plaintiffs fail to state a claim upon which relief can be granted because it owed no legal duty to Plaintiffs. The court previously addressed this precise issue in Lanier v. Norfolk Southern, C/A No. 1:05-3476-MBS, Self v. Norfolk Southern Corp., C/A No. 1:06-1730-MBS, and Chavious v. Norfolk Southern Corp., C/A No. 1:06-2104-MBS. As the court noted previously, a plaintiff must prove the following elements in order to state a claim for negligence: (1) a duty of care owed by the defendant to the plaintiff, (2) a breach of that duty by negligent act or omission, and (3) damage proximately caused by the breach. Huggins v. Citibank, N.A., 585 S.E.2d 275, 276 (S.C. 2003) (citing Doe v. Batson, 548 S.E.2d 854 (2001)). An essential

element in a cause of action for negligence is the existence of a legal duty of care owed by the defendant to the plaintiff. Id. In a negligence action, the court must determine, as a matter of law, whether the defendant owed a duty of care to the plaintiff. Id. (citing Faile v. South Carolina Dept. of Juvenile Justice, 566 S.E.2d 536 (2002)). The concept of duty in tort liability is not to be extended beyond reasonable limits. South Carolina State Ports Auth. v. Booz-Allen & Hamilton, Inc., 346 S.E.2d 324, 326 (S.C. 1986). If there is no duty, the defendant is entitled to judgment as a matter of law. Id. at 277 (citing Simmons v. Tuomey Regional Med. Ctr., 533 S.E.2d 312 (2000)).

As in Lanier, Self, and Chavious, Plaintiffs assert indirect damages from the trail derailment in the form of economic loss. Persons who suffer indirect economic loss from loss of employment as a result of injury to the enterprise where they work usually cannot recover for such economic loss. F. Patrick Hubbard & Robert L. Felix, The South Carolina Law of Torts 49 (3d ed. 2004). To hold otherwise would be to open the courts to a limitless recovery of economic injury. See Aikens v. Debow, 541 S.E.2d 576 (W. Va. 2000) (finding no duty by truck driver and employer to operator of motel and restaurant who sought damages for loss of income allegedly resulting from bridge closure caused by accident involving truck).

The attenuated nature of the within action demonstrates the necessity of limiting tort liability for indirect economic loss. Followed to its logical conclusion, an ultimate consumer who pays higher retail costs because a manufacturer is forced to purchase fabric at greater expense from an alternate supplier could assert a cause of action against Defendant. Plaintiffs' construction of the scope of duty would expose Defendant to "a limitless recovery of economy injury."

For the reasons stated herein and previously, the court concludes that Plaintiffs fail to state a claim upon which relief can be granted.  Defendant's motion to dismiss is **granted**.  Plaintiffs' motion to hold the case in abeyance is **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

July 26, 2007.